# UNITED STATES DISTRICT COURT
# николай NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC EUGENE SMITH,**<br>Plaintiff**,**<br>vs.<br>**TIMOTHY FRIEDERICHS, ET AL.,**<br>Defendants**.** | CASE NO. 16-cv-06203-YGR<br><br>**ORDER DENYING *EX PARTE* MOTION SEEKING WAIVER OF BILL OF COSTS**<br><br>Re: Dkt. No. 71 |

The Court has reviewed plaintiff Eric Eugene Smith's *ex parte* motion seeking waiver of the Bill of Costs served on him by the Clerk of Court. (Dkt. No. 71 ("Motion").)

The *in forma pauperis* statute provides: "Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . . If the judgment against a prisoner includes the payment of costs . . . , the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(1)–(2)(A). Under Federal Rule of Civil Procedure 54(d), there is a presumption in favor of awarding costs to prevailing parties, and the losing party must show why costs should not be awarded even in civil rights cases. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

The sole basis for plaintiff's motion is that he is "wholly indigent and cannot pay any fees or costs." (Motion at 2.) Unfortunately, courts have held that once costs are awarded, "a prisoner cannot avoid responsibility based on indigence." *Janoe v. Stone*, No. 06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012). Therefore, indigence, standing alone, does not justify waiver of the Bill of Costs. Moreover, the Court notes for plaintiff's benefit that his concern that he will be unable to pay the costs in this case is alleviated by the existence of 28 U.S.C. § 1915(b)(2), which provides that prisoners are able to pay costs incrementally, making "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *See*

*also Player v. Salas*, No. 04CV1761-LAB (WMc), 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007) (stating that in light of § 1915(b)(2)'s provision allowing installment payments, plaintiff would not be "completely without means to provide for his basic needs" if costs were not re-taxed).

Thus, while the Court is cognizant of plaintiff's financial plight, his motion based on his indigence is **DENIED**.

This Order terminates Docket Number 71.

**IT IS SO ORDERED.**

Dated: August 23, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**